```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


LINDA BACKES                              CIVIL ACTION

VERSUS                                    NO: 06-215

COLONIAL LIFE & ACCIDENT                  SECTION: "J" (3)
INSURANCE CO.
```

**ORDER AND REASONS**

Before the Court is plaintiff's Motion to Remand (Rec. Doc. 2). Defendant opposes the motion. Having considered the facts of record and the applicable law, the Court finds that plaintiff's motion should be DENIED.

**BACKGROUND**

Defendant is an insurance company located in South Carolina. Plaintiff served defendant through its statutory agent for service of process, the Louisiana Secretary of State, on December 16, 2005. The Secretary of State then forwarded the citation and petition on defendant's appointed agent on December 22, 2005.

Defendant filed the notice of removal on January 18, 2006. Plaintiff's claims concern breach of contract, and defendant offers only diversity of citizenship under 28 U.S.C. section 1332 as a basis for federal jurisdiction.

## DISCUSSION

Plaintiff notes that the time from service on the Secretary of State on December 16, 2005 until defendant's filing of the Notice of Removal on January 18, 2005 is greater than the thirty day period prescribed by 28 U.S.C. section 1446(b). Plaintiff argues that there is no evidence in the record that defendant was served on December 22, 2005, whereas the certified records of the Clerk of the Civil District Court for the Parish of Orleans, Louisiana establish service on the Secretary of State on December 16, 2005. In addition, plaintiff notes that removal statutes must be strictly construed in favor of remand. *See, e.g., Bosky v. Kroger Texas, LP* 288 F.3d 208, 211 (5th Cir. 2002).

Defendant responded by submitting proof, in the form of a business record, that CT Corp., defendant's appointed agent for service of process in Louisiana, was served by certified mail from the Secretary of State on December 22, 2006.

The issue before the Court is whether service on defendant's

statutory agent, the Secretary of State, triggered the thirty day period, making defendant's removal untimely, or whether actual notice to the defendant's self-appointed agent triggered the thirty day removal period, making removal timely.

Defendant points to conflicting rulings in this Court on the issue. *Compare Bodden v. Union Oil Co. of Cal. and Life Ins. Co.*, 82 F. Supp. 2d 584 (E.D. La. 1998) *with Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Serv. Group, Inc.*, 166 F. Supp. 2d 511 (E.D. La 2001). *Bodden* found that service of process on the statutory agent, and not actual notice, commences the thirty day period. This finding was based on the policies of "uniformity and expediency" as advanced in *Reese v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir. 1996), *abrogated by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 355-56 (1999). *Hibernia,* noting *Reese's* abrogation and the great weight of authority against *Bodden*, declined to adopt *Bodden's* holding, finding instead that actual receipt triggered the thirty day period. The parties have not indicated, nor has this Court located, binding precedent on the issue.

Although removal statutes must be strictly construed, they should not be so strictly construed as to impinge upon the requirements of due process. "An elementary and fundamental

requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). The amount of time considered reasonable in this circumstance is statutorily dictated by 28 U.S.C. section 1446(b) to be thirty days. If service on the Secretary of State were sufficient to trigger the thirty day period, "regardless of when, or even whether, the Secretary subsequently performs the ministerial task of forwarding notice to a defendant," *Bodden*, 82 F. Supp. 2d at 589, such a trigger could improperly "'trap ... opponents into keeping their suits in state courts.'" *Murphy Bros.*, 526 U.S. at 356.

Actual notice to defendants is necessary in this situation in order to convey the required information and afford them the statutorily prescribed amount of time to decide in which court the case should be heard. Therefore, this Court agrees with the cases finding that actual notice, rather than statutory service

4

on the Secretary of State, triggers the thirty day period for removal.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Rec. Doc. 2) is **DENIED**.

New Orleans, Louisiana this the 4th day of April, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE